In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00114-CR
______________________________


ALVIN GERARD PIPER, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 188th Judicial District Court
Gregg County, Texas
Trial Court No. 30388-A


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION
          Alvin Gerard Piper appeals from his conviction on his guilty plea for bail jumping
(failure to appear). He was sentenced to ten years' imprisonment. In a companion case
which is also before this Court on appeal, Piper was convicted for possession with intent
to deliver between four and 200 grams of cocaine, and sentenced to twenty-five years'
imprisonment.
          A joint brief was filed by counsel covering both appeals. For the reasons stated this
day in our opinion in Piper v. State, No. 06-03-00113-CR, we likewise rule in the State's
favor on the issues that concern both appeals. 
          We now turn to the issues unique to this appeal. The evidence shows that Piper
was a passenger in a car driven by Robert Taylor. Taylor was stopped for a traffic
violation. The officer asked Taylor for his driver's license. Taylor produced Piper's license,
and then could not produce a license. While questioning both of them, the officer saw
cigar tobacco on the floor of the car, with bits of the wrapping. He thought it likely they had
hollowed out a cigar to stuff with marihuana, making a "blunt." The officer asked
permission to search. Taylor refused. The officer walked his drug dog around the car. 
The dog alerted. The officers searched the car and found a brick of marihuana in a cooler
and a kilogram of cocaine under the passenger's seat. 
          Both occupants were arrested, and when searched at the jail, officers found fifty-six
grams of cocaine on Piper's person. Although Piper was originally charged with
possession of the kilogram of cocaine, the State proceeded only on the lesser amount, and
Piper was convicted for possession of the cocaine found on his person.
          In one page, counsel argues that the evidence was legally and factually insufficient
to support his conviction for bail jumping/failure to appear under Tex. Pen. Code Ann.
§ 38.10 (Vernon 2003) because there was no evidence presented of any court order
instructing Piper to appear or any date to appear shown on the bond as required by Tex.
Code Crim. Proc. Ann. art. 17.08(5) (Vernon Supp. 2004–2005).
          In reviewing the legal sufficiency of the evidence, we view the relevant evidence in
the light most favorable to the verdict and determine whether any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt. Johnson v.
State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). In reviewing the factual sufficiency of the
evidence, we are required to determine whether, considering all the evidence in a neutral
light, the jury was rationally justified in finding guilt beyond a reasonable doubt. Zuniga v.
State, No. 539-02, 2004 WL 840786 (Tex. Crim. App. Apr. 21, 2004). 
          The State argues that the signed stipulation of evidence (which consists of a copy
of the bail bond that was reduced to near total illegibility—and states that Piper was to be
notified of his appearance date by mail) is sufficient evidence to support the conviction. 
In the stipulation, Piper confessed to the facts shown by the bond and confessed that he
failed to appear in accordance with the terms of his release. The bond does not show the
date on which Piper was to appear. 
          Tex. Pen. Code Ann. § 38.10 criminalizes bail jumping.


 The crime is committed 
when a person released on condition he or she subsequently appear intentionally or
knowingly fails to appear in accordance with the terms of the release. Thus, if the bond
stated the date on which Piper was to return, and the evidence showed he did not appear,
it would provide evidence of the crime. 
          This bond does not provide that information. The bond does not state when Piper
is to return, but states instead that, as a term of his release, Piper agreed to appear when
notified by mail to do so. Thus, the bond is no evidence of the date on which he was to
appear. That information would presumably appear in a letter to Piper informing him of his
court date—which was not introduced into evidence. The stipulation, however, does state
that, on or about the 29th day of January 2002, Piper failed to appear as required by the
terms of his release under the bond. This constitutes at least some evidence that he did
not appear, and it could be reasonably implied from this statement he was informed by
some means of the date on which he was to appear. 
          Further, the careful treatment given by the trial court to the guilty plea in this case
provides additional evidence. The court asked Piper if he wished to plead guilty to count
one of the indictment charging him with bail jumping and failure to appear, to which Piper
answered yes. The court went on to ask Piper "did you also, on January the 29th of 2002,
after being lawfully released from custody on a pending felony charge, did you fail to
appear in court and violate the conditions of your bond?" Piper answered, again, yes.
          The bond is in evidence, Piper judicially admitted in writing and also testified in open
court he had violated its terms by failing to appear on a specific date. There is no evidence
to the contrary. The evidence is both factually and legally sufficient to support the verdict. 
          We affirm the judgment. 
 
                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      July 14, 2004
Date Decided:         August 25, 2004

Do Not Publish